UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CIT SMALL BUSINESS LENDING CORP.,　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　　　　　　: ACTION NO. 2:12CV505
　　　　　　　　　　　　　　　　　　　　　　　　　　:
CORE HOLDINGS, LLC,　　　　　　　　　　　　:
NICOLE CARRY,　　　　　　　　　　　　　　　　:
AND PATRICIA NESMITH,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　Defendants.　　　　　　　　　　　　　　:

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This suit to enforce a promissory note and personal guarantees is before the court on Plaintiff's Motion for Entry of Default Judgment. After all three Defendants failed to answer or otherwise respond to the Complaint, the Clerk entered default against them on October 19, 2012. (ECF No. 6). Thereafter, Plaintiff filed a Motion for Entry of Default Judgment, attaching an Affidavit of Attorney's Fees and Costs alleged to be recoverable under the loan documents. (ECF No. 8). Although they had defaulted, Plaintiff nonetheless included a notice to each defendant explaining their right to respond to the Motion and the consequences of failing to respond. (ECF No. 8 at 4). No defendant responded.

On January 2, 2013, the court referred Plaintiff's Motion to the undersigned Magistrate Judge with direction to conduct a default judgment hearing, including an evidentiary hearing, if

1

necessary, and to submit a recommendation for disposition of the Motion pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 7(b) of the Federal Rules of Civil Procedure. The court entered an Order setting a hearing on Plaintiff's Motion for Entry of Default Judgment on February 6, 2013 at 2:00 p.m., and requested any additional affidavits, declarations or other documents necessary to establish the elements of damage sought by the Motion no later than January 21, 2013, fifteen days before the hearing date.

On January 17, 2013, Plaintiff filed an Affidavit and supporting documentation related to its claim for damages. Also on January 17, 2013, Plaintiff filed a Suggestion of Bankruptcy as to Defendant Patricia Nesmith. The court stayed all further proceedings as to Nesmith only, directing that the case proceed against the other Defendants (ECF No. 14).

At the hearing on February 6, 2013, counsel for Plaintiff appeared and made argument on the motion. Despite notice of the hearing to both Core Holdings, LLC and Nicole Carry, no other party appeared.

**Recommended Findings of Fact and Conclusions of Law.**

Under Fed. R. Civ. P. 55(a), default is appropriate when defendants have failed to plead or otherwise defend against an action. Well-plead facts in the complaint are deemed admitted, and the appropriate inquiry for the Court is whether the facts

2

as alleged state a claim. Fed. R. Civ. P. 8(b)(6); Globalsantafe Corp. v. Globalsantafe.Com, 250 F.Supp.2d 610, 612 n.3 (E.D. Va. 2003) (citing Anderson v. Foundation for Advancement, Educ. and Employment of American Indians, No. CA-94-57-A, 1999 WL 598860 at *1 (4th Cir. Aug. 10, 1999)).

To succeed on a claim for breach of contract under Virginia law, Plaintiff must prove (1) a legal obligation of each Defendant to the Plaintiff; (2) a violation or breach of that obligation; and (3) resulting damage to the Plaintiff. Caudill v. Wise Rambler, 210 Va. 11, 13, 168 S.E.2d 257, 259 (1969). Under Va. Code § 8.01-27, a civil action may be maintained "upon any note or writing by which there is a promise, undertaking, or obligation to pay money," so long as the note is signed by the party to be charged or its agent. Va. Code § 8.01-27. The statute of limitations to enforce obligations on a Note is six years from the date payments are due. Va. Code § 8.3(A)-118. Finally, under § 8.3(A)-308, signatures on negotiable instruments are presumed valid, unless denied in the pleadings.

In this case, the Defendants' default establishes the facts alleged against them. In addition, Plaintiff submitted the Affidavit of Mary Adragna, who is employed by CIT Bank as a Problem Loan Specialist, (Adragna Aff., ECF No. 13, ¶ 1), as well as an Affidavit from counsel attesting to the amount and reasonableness of legal fees incurred in the case (Aronson Aff.,

ECF No. 8-1). Considering the Affidavits and the admitted allegations in the Complaint, the undersigned recommends that the court make the following findings of fact and conclusions of law and enter judgment in favor of CIT against both Defendants.

1. Plaintiff CIT Bank is a federally chartered bank with its principal place of business in New Jersey. (Adragna Aff., ¶ 2). Plaintiff CIT Small Business Lending Corp. ("CIT") is a Delaware corporation with its principal place of business in New Jersey. CIT Bank is the servicer for loans made by CIT Small Business Lending Corp. (Adragna Aff., ¶ 2).

2. Defendant Core Holdings, LLC is a Virginia Limited Liability Company that transacts business within the Eastern District of Virginia, Norfolk Division (Complaint, ¶ 2). Defendant Nicole Carry is a natural person who resides and transacts business within the Eastern District of Virginia, Norfolk Division (Complaint, ¶ 3).

3. On July 27, 2007, Defendant Core Holdings, LLC executed a Promissory Note in favor of CIT in the principal amount of Two Hundred Ninety Five Thousand Dollars ($295,000.00). A true and accurate copy of the Note was attached to the Complaint as Exhibit A. (Complaint, ¶¶ 6-7 and Ex. A; Adragna Aff. ¶¶ 3-4).

4. On July 27, 2007 Defendant Carry executed a Personal Guarantee of the Note which was attached to the Complaint as

4

Exhibit B. (Complaint, ¶ 8 and Ex. B, Adragna Aff. ¶¶ 5-6). CIT is the holder of the Note and beneficiary of the Carry Guarantee. Core defaulted on payments due under the Note by failing to make payments as they became due, and ceasing to operate the business financed under the terms of the Note. (Complaint, ¶ 10; Adragna Aff. ¶ 8). Under the terms of the Note and the Carry Guarantee, Defendants Core and Carry are liable to CIT for all amounts due, including interest, late fees, expenses and attorney's fees. Under the terms of the Note and the Carry Guarantee, Defendants Core and Carry also waived presentment, demand, notice of dishonor and all other notices. Complaint, Ex. A at 4, ECF No. 1-1 at 4; Ex. B at 2, ECF No. 1-2 at 2).

5. As of January 17, 2003, the sums due and owing under the terms of the Note and Guarantee were as follows:

| | |
|---|---|
| Principal Balance | $155,595.76 |
| Accrued Interest | 8,437.28 |
| Late Fees | 1,569.47 |
| Expenses | 1,760.62 |
| Legal Fees | 10,324.70 |
| Total Due | $177,687.83 |

6. In addition, the principal sum outstanding will continue to bear interest at the rate of $25.58 per day from

5

January 17, 2013 through the date of judgment. (Adragna Aff. ¶ 10).

Based on the foregoing facts established from the Affidavit and admitted allegations in the Complaint, the undersigned recommends the court make the following conclusions of law. This court has subject matter jurisdiction as a result of complete diversity among the parties and an amount in controversy exceeding $75,000.00. 28 U.S.C. § 1332. Personal jurisdiction is proper, as the Defendants both transacted business in the Commonwealth of Virginia, within the Eastern District of Virginia, and were properly served. (ECF No. 4). Both Defendants, Core Holdings and Carry, are liable to CIT, as holder of the Note and beneficiary of the Carry Guarantee. The Note is a negotiable instrument and CIT timely commenced this action as a holder in due course. The damages proved are in the amounts set forth in paragraph 5 above and the legal fees incurred were reasonable and necessary to the enforcement of Defendants' obligations.

## RECOMMENDATION

Having defaulted in their obligations under the Note and Guarantee, and failed to answer or otherwise dispute the allegations in the Complaint and Affidavits submitted in support of CIT's Motion for Default Judgment, the undersigned recommends the court enter judgment in favor of Plaintiff CIT Small

Business Lending Corp. against Defendants Core Holdings, LLC and Nicole Carry, jointly and severally, in the total amount of $177,687.83, plus per diem interest at the rate of $25.58 from January 17, 2013 through the date of judgment and with interest to accrue at the judgment rate thereafter.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

February 7, 2013

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Core Holdings, LLC
929 Hillside Ave.
Norfolk VA 23503

Nicole Carry
918 Virgilina Ave.
Norfolk, VA 23503

                        Fernando Galindo,
                        Clerk of Court

                        By:_____
                           Deputy Clerk

                        _____, 2013